UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SMEGO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 09-CV-3244 |
| | ) | |
| ANITA PAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, proceeding pro se, are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

On June 9, 2011, Judge Baker granted summary judgment to Defendants' on Plaintiffs' claim that a de facto blanket ban on R-rated movies and M-rated video games violated their First Amendment rights. By the time Judge Baker made that ruling, the policy had changed to allow some pre-approved movies and games, but the new policy is not an issue in this case.

After Judge Baker's order, the case remained open to allow for resolution of a supplemental claim for retaliation. Subsequently, the case was transferred from Judge Baker to the undersigned. Plaintiffs Duay, Lain, and Smego voluntarily

1

withdrew from the remaining retaliation claim, but stayed in the case with regard to the First Amendment claim. On February 7, 2012 the Court granted summary judgment to Defendants on Plaintiffs' remaining retaliation claim, and a final judgment was entered that day.

On February 24, 2012, Plaintiffs Duay, Lain, and Smego moved for reconsideration of Judge Baker's June 2011 order granting summary judgment to Defendants on the First Amendment claim. Their motion is brought under Fed. R. Civ. P. 59(e), which must be filed within 28 days after the judgment. Federal Rule of Civil Procedure 59(e) allows a court to change a judgment if warranted by newly discovered evidence, a change in the law, or a "'manifest error of law or fact.'" Souter v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 993 F.2d 595, 599 (7th Cir. 1993)(quoted cited omitted). Plaintiffs' motion meets the 28-day deadline with regard to Judge Baker's order since judgment was not entered until February 2012. The other ten Plaintiffs have not filed a motion to reconsider or an appeal. Thus, only Plaintiffs Smego, Duay, and Lain remain.

Plaintiffs Duay, Lain, and Smego argue in their motion that had no chance to conduct discovery on the evidence presented by Defendants in their summary judgment motion. Particularly, they assail Judge Baker's reliance on an affidavit

2

from Dr. Jumper, the clinical director at the facility, who is not a party to this lawsuit. Plaintiffs argue that they had no opportunity to probe the foundation for Dr. Jumper's conclusions justifying the entertainment ban. They also argue that Judge Baker should have determined whether Dr. Jumper's affidavit satisfied the Daubert test for expert testimony.

Plaintiffs' recount of the record is somewhat misleading since they did have seven months of discovery before Judge Baker stayed discovery and directed Defendants to file a summary judgment motion on whether a blanket ban existed. Additionally, Plaintiffs did not ask for more discovery to formulate a response to the motion for summary judgment, as they could have done under Fed. R. Civ. P. 56(d). Instead, they challenged Dr. Jumper's conclusions on their merits, making essentially the same arguments Plaintiffs make now. Judge Baker addressed and rejected those arguments, and the Court agrees with Judge Baker's conclusions. Further, Dr. Jumper is not a designated expert. He was personally involved in implementing and applying the ban. He does not need to be qualified as an expert to explain the reasons underlying a policy for which he is responsible.

However, Plaintiffs make a good procedural point. Judge Baker's order staying discovery stated that he wanted to first determine whether a blanket ban even existed before determining how further discovery should proceed. (8/25/10

Court Order, p. 1, d/e 83)("The court must first determine whether there is in fact a blanket ban before deciding the best way to proceed. Accordingly, the defendants will be directed to file a summary judgment motion on this question only."). His order granting summary judgment went beyond whether a blanket ban existed to address the constitutionality of that ban. Plaintiffs lacked sufficient notice and an opportunity to conduct discovery on whether the blanket ban was rationally supported by legitimate reasons. What that discovery might be is unclear, but Plaintiffs should have the opportunity to conduct discovery. Accordingly, Plaintiffs' motion will be granted and this case will be reopened on the sole claim that the de facto blanket ban violated the First Amendment rights of Plaintiffs Smego, Duay, and Lain.

IT IS THEREFORE ORDERED:

    1) The motion for reconsideration by Plaintiffs Duay, Lain, and Smego is granted (d/e 160). The Court's judgment is vacated *only as to* Plaintiffs Duay, Lain, and Smego, and *only as to* their claim that the de facto blanket ban on R-rated movies and M-rated video games violated their First Amendment rights. The clerk is directed to reopen this case.

    2) Discovery is reopened and closes on December 31, 2012. Dispositive motions are due January 31, 2012.

3) The motion for reconsideration docketed as #161 is denied a moot because it is a duplicate of # 160.

4) The motion for "relief of docketing statement" (d/e 162) is granted to the extent Plaintiff Smego seeks a copy of the docket sheet. The clerk is directed to send Plaintiff Smego a copy of the docket sheet.

ENTERED: August 21, 2012

FOR THE COURT:

           **s/Sue E. Myerscough**
           SUE E. MYERSCOUGH
           UNITED STATES DISTRICT JUDGE